PER CURIAM.
This petition for writ of prohibition is brought to review an order denying a mo *347 tion to dismiss a capias and to restrain further prosecution of petitioner for charges of grand larceny stemming from an information filed against petitioner on March 26, 1975. The charges were dismissed in 1978. Thereafter no further proceedings ensued until September 12, 1980 when the state moved to reinstate the capi-as. On that date the court entered an order reinstating the capias. Pursuant to the reinstated capias petitioner was arrested in 1983. He filed a motion to dismiss alleging that the Statute of Limitations had run on the 1974 incidents giving rise to the charges. The motion to dismiss was denied.
It is undisputed that the applicable Statute of Limitations is Section 932.465, Florida Statutes (1973) which was in effect at the time of the alleged offenses. Subsection (2) reads as follows:
Prosecution for offenses not punishable by death must be commenced within two years after commission, but if an indictment, information, or affidavit has been filed within two years after commission of the offense and the indictment, information, or affidavit is dismissed or set aside because of a defect in its content or form after the two year period has elapsed, the period for commencing prosecution shall be extended three months from the time the indictment, information, or affidavit is dismissed or set aside. (Emphasis supplied)
Although the state filed its first information within two years after commission of the alleged felonies, that information was dismissed and no new charge was filed within the following three months.
The state now argues that the dismissal in 1978 was error. However, the state does not allege that it opposed the dismissal and it is undisputed that it did not appeal the dismissal. The state’s argument that petitioner was unavailable for most of the time period involved might be persuasive to us if this were a speedy trial case. Here, however, the state’s remedy was to appeal the dismissal or possibly refile within the three-month period. It failed to do either.
Under the circumstances, we find that the Statute of Limitations for the various counts of grand larceny alleged to have occurred in 1974 has run. We therefore grant the petition and prohibit further prosecution on those charges.
Writ of prohibition granted.
SCHEB, A.C.J., and DANAHY and CAMPBELL, JJ., concur.